**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| CECIL SIMON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:01-CV-2179-RWS |
| v. | : | |
| | : | |
| WARDEN WILLIE SCOTT, et al., | : | |
| | : | |
| | : | |
| Defendant. | | |

## <u>ORDER</u>

This case comes before the Court on Plaintiff Cecil Simon's "Amended Motion to Reopen Time to File Appeal" [48].  For the reasons that follow, Plaintiff's Motion is **DENIED**.

### Background

Plaintiff, a prisoner proceeding *pro se*, brought this action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and the Federal Tort Claims Act, 28

U.S.C.A. § 2671 <u>et seq.</u> (the "FTCA" or the "Act"), complaining about the treatment he received in prison for a medical condition affecting the vision in his left eye.  The Court dismissed Plaintiff's <u>Bivens</u> claim by Order dated September 26, 2002.  It additionally found that Plaintiff was precluded from pursuing his FTCA claims, notice his apparent failure to present the United States with the statutory notice required as a precondition to pursuing relief under the Act.

On appeal, the Eleventh Circuit affirmed the dismissal of Plaintiff's <u>Bivens</u> claim, but reversed the dismissal of his FTCA claim for lack of presentment, remanding the claim to this Court for further consideration.  In an order dated July 5, 2005, the Court, after considering the record, granted summary judgment to Defendants, citing the absence of any genuine issue of fact respecting negligence or causation *vis-a-vis* Plaintiff's medical malpractice claim.

Plaintiff contends that he received no notice of that decision, or of the judgment entered in favor of Defendants the following day, for several months. He explains that he had been transferred to a detention center in the Eastern District of New York in the Summer of 2004 for re-sentencing, at which time he

2

informed the Clerk of his relocation.  He returned to Atlanta on June 30, 2005,

but the exhibits to his motion indicate that he did not inform the Clerk of his

arrival in Georgia until some three weeks later, on or about July 19, 2005 (See

Mot. [48] Ex. D.).  The Clerk, the docket reflects, sent notice of the Order [45]

and Judgment [46] to the New York Detention Center, Plaintiff's last known

address, but that mail was returned as undeliverable.  (See Notice [47].)

Plaintiff claims that he first learned the Court had dismissed his case on

October 11, 2005, when he received a letter from the undersigned in response to

his request for an update on these proceedings.  The day after receiving

correspondence from the Court, Plaintiff responded, stating:

> TODAY I RECV'D THIS LETTER FROM YOUR
> CHAMBERS.  I WRITE THIS MESSAGE IN
> HASTE TO ADVISE THE COURT THAT I DID
> NOT RECV ANY JULY ORDER DISMISSING MY
> LAWSUIT.  I HAVE MAINTAINED CONTACT
> WITH COURT BY CHANGE OF ADDRESS.
> NOW IT APPEARS THAT I MUST FILE A
> MOTION TO REOPEN TIME TO APPEAL.  IN
> THE MEANTIME WOULD YOU **PLEASE**
> DIRECT YOUR CLERK TO FORWARD A COPY
> OF THE ORDER DISMISSING MY LAWSUIT . . .
> .

(Mot. [48] Ex. G.)  He then filed his "Amended Motion to Reopen Time to File

3

Appeal" on November 16, 2005 (Mot. [48].)

## Discussion

Plaintiff acknowledges that he neglected to file a timely notice of appeal respecting this Court's July 6, 2005 Judgment.  He nevertheless asks that the Court, pursuant to Federal Rule of Appellate Procedure 4(a)(6), allow him to pursue an out-of-time appeal.  That Rule permits a district court to reopen the time for filing a notice of appeal, but only so long as three conditions are met. See FED. R. APP. P. 4(a)(6).  First, the court must find that no party would be prejudiced by the order reopening the time for appeal.  Id.  Second, it must find that the movant did not receive notice of the entry of the judgment within 21 days after such entry.  Id.  Third, the motion must be filed within 180 days after the judgment is entered, or within 7 days after the movant receives notice of the entry, whichever is earlier.  Id.

Important for purposes of the instant case, Federal Rule of Appellate Procedure 4(a)(6) was amended, effective December 1, 2005, respecting what "notice of . . . entry" qualifies under the second and third of those requirements.  Prior to December 1, 2005, "notice" was left undefined by the Rule, and had been rather expansively construed by the Eleventh Circuit, as well

4

as most of its sister circuits, to encompass varied writings (or perhaps, other forms of notice) communicating the entry of an order or judgment by the Court. See, e.g., McDaniel v. Moore, 292 F.3d 1304 (11th Cir. 2002) (construing pre-December 1, 2005 version of the Rule, held that letter from court informing inmate that his Rule 60(b) motion had been denied constituted "notice of the entry" within the meaning of Federal Rule of Appellate Procedure 4(a)(6)). Under that iteration of the Rule, Plaintiff's motion would plainly be untimely, because he did not move to reopen the time to appeal until November 16, 2005–more than a month after he received "notice of the entry" of judgment via this Court's October 4, 2005 letter (received by Plaintiff on October 11, 2005). See FED. R. APP. P. 4(a)(6)(A) (requiring motion to reopen appeals period to be filed within seven days after movant receives notice of entry) (repealed Dec. 1, 2005).[1]

---

[1]Plaintiff contends that his October 12, 2005 correspondence to the Court should be construed as a motion to reopen the appeals period. Although this Court will not insist on absolute precision from *pro se* litigants in the formulation of their motions, it simply cannot give the letter the construction Plaintiff advocates. His correspondence, while succinct, indicates in no uncertain terms that he meant to file a Rule 4(a)(6) motion at some undetermined point in the future. (See Mot. [48] Ex. G ("NOW IT APPEARS THAT I MUST FILE A MOTION TO REOPEN TIME TO APPEAL. *IN THE MEANTIME* WOULD YOU **PLEASE** DIRECT YOUR CLERK TO FORWARD A COPY OF THE ORDER DISMISSING MY LAWSUIT . . . .")

As amended, however, the Rule provides that the relevant "notice" of an order or judgment is that required by Federal Rule of Civil Procedure 77(d). See FED. R. APP. P. 4(a)(6)(A) & (B) ("receive[ ] notice *under Federal rule of Civil Procedure 77(d)* of the entry") (emphasis supplied).[2]   The Supreme Court, moreover, has instructed the lower courts to apply the 2005 amendments to the Federal Rules of Appellate Procedure "in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." See Order of the United States Supreme Court (Apr. 25, 2005).  Because this Court finds it neither unjust nor impracticable to apply the revised Rule to this case, it is that version of the Rule the Court relies upon in its disposition of Plaintiff's motion.  See id.; see also 28 U.S.C. § 2074 ("The Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further

---

(emphasis supplied).)  That language belies any contention that the letter was itself intended to serve as such a motion.

[2]According to the Advisory Committee Notes, this "substantive change" to the Rule was intended to eliminate the previous split between the circuits regarding what notice would suffice for purposes of the Rule, and, "because Civil Rule 77(d) notice must be served under Civil Rule 5(b), establishing whether and when such notice was provided [under the revised Rule] should generally not be difficult."  See FED. R. APP. P. 4 advisory committee's note (2005).

6

proceedings then pending to the extent that, in the opinion of the court in which

such proceedings are pending, the application of such rule in such proceedings

would not be feasible or would work injustice, in which event the former rule

applies."); Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir. 1994) (relying on 28

U.S.C. § 2074 and Order of Supreme Court to apply amended Federal Rule of

Appellate Procedure 4 retroactively); John R. Alley & Co. v. Fed. Nat'l Bank,

124 F.2d 995, 999 (10th Cir. 1942) (error not to apply Federal Rules of Civil

Procedure to motion, even though action was commenced, and motion was

filed and submitted, prior to effective date of Federal Rules).

That application, while it avoids the problem associated with this Court's

October 4, 2005 letter, nevertheless leaves Plaintiff's motion deficient.  Federal

Rule of Civil Procedure 77(d), respecting "Notice of Orders or Judgments,"

provides, in pertinent part:

> Immediately upon the entry of an order or judgment
> the clerk shall serve a notice of the entry in the manner
> provided for in Rule 5(b) upon each party who is not
> in default for failure to appear, and shall make a note in
> the docket of the service . . . .

FED. R. CIV. P. 77(d).  Rule 5(b), in turn, states that service may be effected,

among other ways, by "[m]ailing a copy to the last known address of the person

served."  FED. R. CIV. P. 5(b)(2)(B).  "Service by mail is complete on mailing."

Id.

Here, the Clerk mailed the Order and Judgment to Plaintiff at his "last

[contemporaneously] known address[,]" FED. R. CIV. P. 5(b)(2)(B); that is, the

New York Detention Center.  (See Notice [47].)  Because Plaintiff had neglected

to inform the Court of his whereabouts between June 30, 2005 and July 19,

2005, that mailing was returned as undeliverable.  (See id.; see also J. [46] and

accompanying HTML receipt.)  His nonreceipt of the mailing does not affect the

validity of the notice.  See Carter v. McGowan, 524 F. Supp. 1119, 1121 (D.

Nev. 1981); see also LR 41.2(C), NDGa (parties have obligation to keep Court

informed of current address).

Because that mailing constituted service within the meaning of Federal

Rules of Civil Procedure 5(b) and 77(d), it likewise qualified as "notice . . . of

the entry" under amended Federal Rule of Appellate Procedure 4(a)(6).

Plaintiff, consequently, again cannot demonstrate that his motion was timely

filed under the Rule.  See FED. R. APP. P. 4(a)(6)(B) (as amended Dec. 1, 2005).

Rather than being submitted within the seven days permitted by the Rule, his

motion was not filed until approximately three months after the notice was

mailed and then returned as undeliverable.  (See J. [46]; Notice [47].)[3]  Federal

Rule of Appellate Procedure 4(a)(6)(B) does not permit the Court to grant a

motion to reopen the appeals period in such circumstances.  And the Court, in

any event, would be disinclined to exercise its discretion in favor of excepting a

litigant from the burdens of a universally applicable litigation deadline based on

that litigant's breach of his duty to keep the Court informed of his location.

For all the foregoing reasons, Plaintiff's "Amended Motion to Reopen

Time to File Appeal" [48] is **DENIED**.

---

[3]Through a photocopying error, the post mark on the notice sent by the clerk was "cut off," obscuring the date on which the notice was first sent to Plaintiff at the New York Detention Center.  The August 8, 2005 docket entry reflecting the mailing's return, however, indicates that it was at least sent to New York before that date.  Even assuming an August 7, 2005 mailing–one that would not take into account the delay in carrying the mail to New York, having it processed and rejected by the Detention Center, and its return to Atlanta–Plaintiff's motion, filed over three months later, would not be timely under Federal Rule of Appellate Procedure 4(a)(6)'s seven day filing rule.

## Conclusion

Plaintiff's "Amended Motion to Reopen Time to File Appeal" [48] is

**DENIED**.

**SO ORDERED** this  6th  day of January, 2006.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)